**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RICHARD REDDEN**<br><br>**Petitioner,**<br><br>**v.**<br><br>**NEW JERSEY STATE PAROLE BOARD, et al.,**<br><br>**Respondents.** | **Civil Action No. 24-8847 (RK)**<br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court upon *pro se* Petitioner Richard Redden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Northern State Prison in Newark, New Jersey. Petitioner filed this petition on or around August 29, 2024. (ECF. No. 1). Petitioner did not pay the filing fee, and the matter was administratively terminated pending fee payment or submission of a completed IFP application. (ECF No. 2). Petitioner paid the filing fee on April 23, 2025, (ECF No. 3) and this matter was reopened. The Court now proceeds to screen the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Habeas Rule 4 requires:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner ...

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). *Manning v. Nogan,* 2024 WL 6078538, at *1 (D.N.J. Oct. 16, 2024) (citations omitted).

Petitioner names the New Jersey State Parole Board and the Attorney General of the State of New Jersey as Respondents in this action. The proper respondent in a habeas action is Petitioner's immediate custodian, *Rumsfeld v. Padilla,* 542 U.S. 426, 435-36 (2004). Therefore, Petitioner must amend the petition to name his immediate custodian, the warden of the Northern State Prison, as the Respondent in this matter. *See Fields v. New Jersey State Parole Bd.,* 2015 WL 8216122, at *4 (D.N.J. Dec. 7, 2015) (substituting warden as respondent).

The Habeas Rules also require the habeas petition to specify the grounds for relief, state the facts supporting each ground, and state the relief requested. *Manning,* 2024 WL 6078538, at *1 (*citing* 28 U.S.C. § 2254 Rule 2(c) & (d), applicable through Rule 1(b)); *see also In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (explaining that "factual allegations" are descriptions of "the who, what, when, where, and how: the first paragraph of any newspaper story"). Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). *Manning,* 2024 WL 6078538, at *1 (*citing United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988) (summary dismissal is warranted where the petition contains vague and conclusory allegations)). A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." *Manning,* 2024 WL 6078538, at *1.

Petitioner was convicted of murder, three counts of felony murder, one count of possession of a weapon for unlawful purpose, kidnapping, robbery and receiving stolen property. (ECF No. 1 at 19-20). *See also Redden v. New Jersey State Parole Bd.*, 2023 WL 3807488, at *1 (N.J. Super. Ct. App. Div. June 5, 2023). He was sentenced to an aggregate sentence of life with

a thirty-year mandatory minimum, and he was ordered to serve the sentence consecutively to an indeterminate sentence of ten years and six months for his parole violation for burglary, theft, and escape. *Id*. Presently, Petitioner's parole eligibility date is April 24, 2028.[1] In the petition, Petitioner alleges he was denied parole and the New Jersey State Parole Board ("NJSPB") imposed a 120-month future parole eligibility date. (ECF No. 1 at 3). Petitioner also alleges he was denied 1531 work credit days. *Id.*

Petitioner appealed the decision of the NJSPB. (ECF No. 1 at 3). On June 5, 2023, the Superior Court of New Jersey, Appellate Division affirmed the decision. *Redden,* 2023 WL 3807488, at *4. Thereafter, the Supreme Court of New Jersey denied certification of Petitioner's appeal on September 25, 2023. (ECF No. 1 at 21) *see Redden v. New Jersey State Parole Bd.,* 255 N.J. 372 (2023). On or around August 29, 2024, the instant Petition was filed. (ECF No. 1). A review of the Petition reflects page numbers six through fifteen have not been completed. (ECF No. 1 at 7-16). As such, Petitioner fails to provide responses to questions twelve through eighteen in the entirety. *Id.* More specifically, the Petition fails to set forth the grounds which allegedly form the basis for his writ of habeas corpus. (ECF No. 1 at 7-10). The Petition also fails to include factual support or details which could allow for the inference for a claim for relief. (ECF No. 1).

Here, the Petition does not set forth any facts regarding Petitioner's claims, nor does the Petition state the grounds which allegedly form the basis for the petition. Because there are no factual allegations included in the Petition, the Court finds that the Petition fails to meet the

---

[1] *See* State of New Jersey, Department of Corrections, available at https://www-doc.state.nj.us/DOC_Inmate/results, last visited November 17, 2026.

requirements of Rule 2 and will dismiss the Petition without prejudice pursuant to Rule 4. Petitioner may submit an amended petition that complies with Rule 2 within 30 days of his receipt of this Order.

IT IS on this 19th day of November 2026,

**ORDERED** that having screened the Petition for dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court will dismiss the petition **WITHOUT PREJUDICE** for failure to comply with Rule 2(c) of the Rules Governing § 2254 Cases; and it is further

**ORDERED** the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.,* 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*., 413 F. App'x 498, 502 (3d Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs ...."); and it is further

**ORDERED** the Clerk of the Court shall forward Petitioner (1) a copy of the instant Petition (ECF No. 1) and (2) a blank section 2254 form AO 241 (Rev. 09/2017)); and it is further

**ORDERED** Petitioner may file an amended petition, naming his immediate custodian, that complies with Rule 2(c) of the Rules Governing § 2254 cases within 30 days from his receipt of this Order; if Petitioner submits an amended petition within the timeframe specified by

the Court, the Court will reopen the matter and screen the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases; and it is further

**ORDERED** the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

ROBERT KIRSCH
United States District Judge